Happy to hear you and United States v. Riley. Good morning and may it please the court. Maryland robbery with a deadly a dangerous weapon does not qualify as a crime of violence under the career offender guideline because it is not an enumerated offense. It does not qualify under the force clause and even after beckles it is meaningless and incapable of being applied by the sentencing courts. Beckles being the elephant in the room is where I'd like to start the argument today. The Supreme Court in Beckles held that the advisory guidelines are not amenable to a vagueness challenge because they are advisory and merely guide the court's discretion rather than fix a permissible range of sentences. Could you lower the microphone just a little bit more I want to make sure I hear your argument. Thank you. It was solely for that reason that the career according to the Supreme Court in Beckles that the residual clause of 4b 1.2 a2 was not constitutionally void for vagueness in the same way that it was for the ACCA. You know the court asked you for some supplemental briefing on this question and it seemed like to me your vagueness challenge to the residual clause and you kept saying about the indeterminacy of it and all the rest that sort of sounds to me like a vagueness challenge which I thought Beckles had cut off. Well what I'm saying is this is that Beckles was the Beckles decision was limited to saying that it and what I ultimately was going to get to here is that what we can what we get from Beckles is that it's still a problem right the language is the same in the in the ACCA's residual clause and the career offender guidelines residual clause it's still a problem and what Beckles says is that it's it's not a void for a constitutional void for vagueness problems but what's important here and I think and I say it in the brief is that Beckles did nothing to undo Johnson's holding that the language of the residual clause in the ACCA which is identical. Johnson doesn't apply to advisory sentencing guidelines. Right Johnson is in an ACCA analysis because we're talking about the same language it's identical language but it's identical language but it's a different context it's a question of a statute the ACCA versus advisory guidelines and you know what of course we all recognize it's it's very similar if not identical language but that wasn't the point of Beckles it was this it was the character of the of the provision that was being challenged. Beckles is Beckles is essentially clarifying Johnson in the way that it's is recognizing that Johnson the discussion in Johnson comes up in the context of the ACCA right but it is and it's what it's saying is is that the because what has happened as a result of Johnson of course is that there's been the challenges to the guidelines because it's the exact same language language and what they're saying is that they the guidelines are not void for vagueness in the constitutional sense but the decision is limited and it has to be because the we are still left with the fact that the language is the same in the guidelines as it is. Well what we're left with if you can't raise the vagueness challenges we're still left in the residual clause with the language that presents a serious potential risk of physical injury to another. I guess the question I have is how can how can robbery with a dangerous weapon not represent a serious potential risk of physical injury to it's a paradigmatic crime of violence and you ask anybody anywhere is robbery with a dangerous weapon a crime of violence and people would say well absolutely does it present a serious risk of injury to another yes if you're if you're held up with a dangerous weapon certainly from a victim standpoint you feel as a serious potential risk if you attempt to resist or you in some ways strike your assailant in the wrong way I mean you see if you don't have a vagueness challenge you have to just take these words serious potential risk of physical injury and that just seems to kind of Marilyn crime that we're talking about here we are we have to operate within the confines of the laws that we're given and so what we've got is a definition okay of a crime of violence that's given to us we have to work with and and we have an offense that doesn't meet that definition I certainly want to get into that part of it but I do want to go back to you know part of the argument which is that it's not just that the John is that the language is well you're starting with the language that we're talking about here is completely invalidated by Johnson and it's just as meaningless today as it was before Beckles was decided and so you know the courts have to deal with still regardless of Beckles I have to be able to supposedly apply this language of this remaining residual clause in the guidelines that Johnson says cannot be interpreted or applied and that's judge Wilkinson's point as I understand it is that that maybe that's the case with respect to certain offenses but it's clearly not the case with respect to this offense because I mean it's the very definition of what the guidelines we're trying to get it well it's okay well it's not an enumerated crime we can all agree on that and the argument here is that it doesn't qualify under the force clause because it can be accomplished by the use or threat of third use of force against property not the person which is required by the force clause and then coming back that runs into our doctor decision where we had that same argument it was brought up it was a holdup of a convenience store and the whole argument that was brought up was that it was a crime against property and that case the cash register because the assailant had taken the cash register and smashed it down on the counter and the court rejected that argument and said no this is not a crime against property it's a crime against these this is a crime against the person which of course is exactly all the language that the force clause uses and so I think you run into a you've got a problem here because you've got to win you've got to prevail under the residual clause and the force clause to make your position stick and when you get down to the force clause you're up against that doctor decision which regards robbery as not a crime against property or a crime against the person well I think there are some differences between doctor and this case first and the fundamental point is the same which is is an armed robbery a crime against property doctor says no well I I guess I would disagree the doctor really says that because I think that what would doctor first of all doctor dealt with South Carolina law all right and there was no precedent in South Carolina nope the South Carolina courts had never said that South Carolina robbery can be committed by use of force against property never said that what happened the problem was the doctor was trying to rely on a case they didn't fit the argument it was trying he was trying to make and so the court and I'll pull from the decision and what this court said is that the court did not affirm just because the clerk was generally fearing fearful during the defense's assault with the cash register it sustained the conviction after specifically finding that those actions threatened a similar use of force against the clerk Maryland laws is no better because you've got to deal with the Maryland Court of Appeals decision and kindly there they said it's this is a felony and they you're taking personal property of another from the victim's person by violence putting the victim in in fear and when you read that kindly decision you you sort of think that the Maryland Court of Appeals is describing something that's a perfect match for the force clause in 4b1 I mean the Maryland law is not with you on this well I think that Maryland law is with me on this because we've got two cases and they're they're long-standing cases Giles and Douglas I'm sorry what years were they 1970 their long-standing opinions of the I don't think so no your honor I respectfully I do not believe they've ever been overruled their standing law in the state of Maryland you know the state and that's key here and that is that the state of Maryland courts have said that expressly that a a citizen can commit the crime of robbery through the use or threat threatened use of force against property that's what Giles and Douglas say and Aparicio Soraya says that once a court says that it's possible that that could happen then that that's it it can happen if we if I went out today in Maryland and somebody points a weapon or a knife at you and and you're saying well no problem this is just a crime against property I mean that doesn't it just doesn't have any relationship to the real world what the what the force clause says is threatened use of physical force against the person of another now armed robbery with it with a dangerous weapon is a threatened use of force and the threatened use of force is directed against the person of another because it is that person who's going to hold hand over what the assailant is seeking I mean there it's a it's it's a it's a tough argument well I think the court I'm sorry I don't want to interrupt the the courts correct that it can happen that way but the point is is that it can also not happen that way there are circumstances in which the crime can be committed without directing the use of force against the person and that is really what this comes down to is that in Maryland unlike many other states but in Maryland that crime exists that can happen and if it can happen then it doesn't match the definition of the force clause it doesn't under the jurisprudence that we have now I'm not sure how it can happen with a dangerous weapon but in any event doing this Alvarez does say that we're supposed to use our common sense and that again if you just pose the question is robbery with a dangerous weapon crime yeah sure why do you ask of course we're also supposed to respectfully honor except the definitions of that the state's provide to its laws and the interpretations that it provides and so you know that the state of Maryland has been clear well I understand the court's position there's but the the fact remains that the manner of committing the crime of robbery with a dangerous weapon in Maryland exists I'm sorry I was looking for two kinds of cases one is a Maryland RDW case in which the force of threat was thought to be not capable of causing a serious injury that was what I looked at for the residual clause and I didn't find that case nor did I find a Maryland robbery case which said that robbery with a dangerous weapon was enacted it was an act of threat and force against property so I looked for the cases in Maryland law both on the force clause and the residual clause that would validate your position I just I just couldn't find them everything I was coming across cut the other way we are I mean I'm what is what I'm not sure where the court wants me to go with I mean I think that we I mean the I keep coming back to the fact that you know Giles and Douglass have not been overruled it is the law of the day and so and this court has said that I am parole Dominguez that you know a statute that can be violated by threatening injury to property does not qualify as a crime of violence under the force clause which requires force against the person and Giles and Douglass say that it can and then operate Aparicio Soraya says that you know if it can be done if it can be committed in that fashion then that ends the inquiry it doesn't qualify and so and so our position is that it does not qualify under the force clause and it doesn't qualify under the residual clause because and I never got to this in the beginning with with Beckles but not only do you have the problem with you know Johnson's language is still just as bad today as it was before Beckles but you know you've got the only takeaway from Beckles is that well the courts have to comply with golf agree that Beckles is not the most helpful and yet I don't think it's just positive I you know the court has to you know deal with this language and gall it becomes a procedural unreasonableness issue because gall requires the sentencing courts to correctly calculate the guidelines as a starting point and to it and to remain cognizant of the guidelines throughout the entire sentencing process and so if you can and we would we would be making new law if we were to agree with you on that position right because the only case that you cited to us in as I recall in your supplemental brief was a dissenting opinion from judge Akuta in Lee that the language being procedurally unreasonable Beckles notwithstanding is that right I would disagree with that I mean I think what other case do what other case do you have that supports this argument about the language being meaningless in the context of an advisory guideline where a judge retains discretion to decide what the language means and whether it applies in a says that I don't have a case the one that you want to make here today well I mean I kind of have to make the case here I understand that I don't blame you for that I just want to be clear that we would be the first to to announce that rule well and it's close on the heels of Beckles which leaves open this huge question of what do you do with the guidelines given the fact that we've got this language that nobody can understand or interpret the Supreme Court has made that clear in Johnson they've said that it you know after nine years of trying in case after case it's a failed enterprise and we're left with that so what do we do with it they haven't said that it's not a problem they've said it's not a boy my colleague has made the point that you know in some cases there may be a question but the question is doesn't apply to here to your circumstances where there's a prior conviction for armed robbery with a dangerous weapon and trying to trying to ask whether that presents a serious potential risk of injury to another that that doesn't present any indeterminacy but at any rate I think you've reserved some time for rebuttal here sir can you take it up then thank you thank you may it please the court my name is David Metcalf I'm an assistant United States Attorney for the District of Maryland appearing on behalf of the United States the FLE I'd first like to address judge Wilkinson's comment I think you use the right adjective paradigmatic robbery with a deadly weapon armed robbery generally exemplifies a crime of violence and that's why it's our assertion that it qualifies as such under every provision that defines that term I'll also first address the import of Beckles I think it is dispositive in this case and I think judge Wilkinson you're exactly right the argument that appellant raises in the supplemental brief is a vagueness challenged by another name it's squarely foreclosed by Beckles Beckles is emphatic that the United States sentencing guidelines are not subject to any vagueness challenges I'd also submit that this argument has been waived there is nothing in the opening brief by mr. Riley asserting a procedural sentencing error non-constitutional vagueness doctrine this is a peculiar judge as you point out novel completely unprecedented doctrine that no court has actually ruled on the authorities and supplemental brief from mr. Riley are concurring and dissenting opinions and the government has not had a chance to brief it I would also submit again that it's foreclosed by Beckles and also want would like to point the panel to part four of the Beckles opinion because I think it illustrates why that argument necessarily fails justice Thomas and his majority opinion noted that not only were the United States sentencing guidelines not amenable to vagueness challenged but the sentencing factors and 3553 a are also not amenable to vagueness challenge and the reason why that's important is twofold first that the obligation of a district court to correctly calculate the guidelines under gall the United States derives from that statute 3533 3553 a and second for secondly all of the sentencing factors all the discretionary factors that district court must consider as justice Thomas pointed out it are just as if not more so vague than the residual clause the United States sentencing guideline for example the need for the sentence imposed or promoting a respect for the law district courts every time they sentence a defendant must calculate or sorry must sense a defendant based on these factors and if a sentence pursuant to the residual clauses of procedural sentencing error then the entire federal sentencing regime is one procedural sentencing error and that certainly cannot be the case separately obviously the government argues that Maryland robbery with a deadly weapon qualifies under the force clause and that would be actually a more enduring precedent for you because I thought last August the residual clause language was actually from the sentencing guidelines am I correct in that that's correct your honor we would be very with a residual clause ruling would be a very limited to confine to a very limited time frame whereas the force clause of course is still is still extra and review I thought was that this represented the attempted use of force or the threatened use of force against the person of another which they're all they're both of the both whichever clause you approach it under they're both pretty straightforward I agree under any provision of the United States sentencing guideline that defines crimes of violence it is pretty straightforward the inquiry under the force clause is whether the offense categorically requires the actual threatened use of physical force capable of causing pain and there's no question that robbery with a deadly weapon requires this level of force and that's because the Maryland offense requires the use of a dangerous or deadly weapon and employing such a dangerous or deadly weapon to rob someone of their property pursuant to the definition of the Maryland Court of Appeals requires serious or deadly injury to be implicated by that weapon and that far exceeds the quantum of force required by Johnson it's I think as you point out judge Wilkinson quite straightforward I think that's why this court ruled as much in 1991 in United States v. Wilson and the government submits that's still good law after the Supreme Court's decision in Johnson in 2010 it's a matter of common sense I would also point this panel to the Fifth Circuit's case in United States v. Segovia and the DC Circuit case and United States v. Redrick both those cases had no trouble qualifying Maryland robbery with the deadly weapon as crime of violence and as this court did in United States v. McNeil federal bank robbery this court stated that a taking by violent or force necessarily meets the force clause as does intimidation I'd like to briefly address the argument with respect to threat to property I don't think mr. Rowley has satisfied his burden as you point out judge Wilkinson under Dwayne as Alvarez or Moncrief to show a realistic probability as opposed to a theoretical possibility that one can commit Maryland robbery with a deadly weapon by threatening property judge Wilkinson I also reviewed the Maryland case law and looked for a case in which someone robbed someone with a deadly weapon and was can and threatened property the only cases the government found as we point out our opening brief were extortion cases tumor Rendleman Iose and those were again extortion cases and as we point out extortion is separately an enumerated crime of common sense and pragmatism undertaking the categorical approach and obviously the categorical approach invites the defense bar to try to concoct chimerical hypotheticals about how a particular offense can be committed but that's just what they are they're hypotheticals the case law cited by mr. we you know we have the categorical approach and that's a settled law and but sometimes it works in one direction sometimes it works in another it works in your favor here it absolutely does anyway do you let me we've been over these arguments and rich briefs I'm gonna ask my colleagues if they have some questions of you yeah we have no further questions everything we thank you I would also just rest on my briefs then thank you yes I'd like to address the the waiver argument the issue that it's being raided with regard to the procedure on reasonableness is not waived there was no need to raise the issue in the opening brief because there was no dispute at that point until Beckles was decided that the residual clause was void under Johnson the government agreed to that that contention it only became disputed after Beckles was was decided and it's not a new issue being raised it's all part and parcel of the claim that the district courts can't apply the language of Johnson which again as we've spent time arguing is really no different I mean the language is identical it's just a different problem that needs to be addressed it's not a void for vagueness problem it's a an therefore correctly calculate the guidelines and that becomes a procedural unreasonableness argument so and I'd also address the extortion argument just briefly that you know the courts have said that that is gives the consent element that the draws the line between extortion and robbery so I don't know if the court has any other particular area it wants me to go into but the bottom line here is that you know mr. Riley contends it cannot be that it does not match the force clause because it can be committed with force against property it's not an enumerate enumerated offense and the sentencing courts cannot apply the the remaining residual clause the language of it which mr. Riley contends is not able to be saved it's not it it is incapable of being applied and that creates a problem under gall because the courts cannot calculate the guidelines correctly if they don't know how to apply it if they're relying on the residual clause and in this case again the argument being that the force clause doesn't work the district court would had to have relied on the residual clause and in this case you know it couldn't do that for all the reasons that we mentioned in the problem for mr. Riley is that that translates from a guidelines range of 21 to 27 months to a tenfold range of 210 months and up but to 221 months so it's a huge difference a huge impact on mr. Riley in this case and it was an erroneous application of the career offender guideline and if I'm finished thank you very much I see you a court appointed and we really appreciate your efforts on behalf of your client thank you so much we'd like to come down and shake hands with you and take a brief recess
judges: J. Harvie Wilkinson III, Albert Diaz, Henry F. Floyd